66225. CARPET TRANSPORT, INC. v. FISHER et al.

BANKE, Judge.

This is an appeal from a judgment in favor of the plaintiff in an action to foreclose a mechanic's lien on a motor vehicle.

The motor vehicle in question, a truck belonging to the defendant, Carpet Transport, Inc., was severely damaged in a collision with another vehicle in November of 1981. An insurance adjuster representing the defendant's casualty insurance carrier subsequently obtained a repair estimate from the plaintiff, William R. Fisher, d/b/a Fisher's Paint and Body Shop. The adjuster and the plaintiff then met with the defendant and obtained his approval to proceed with the repairs. The actual repair contract, however, was signed only by the plaintiff and the adjuster, presumably as agent for the insurance company.

While the repairs were being made, the defendant accepted a check for $23,000 from the liability insurer of the driver of the other vehicle involved in the collision with the truck, executing in return a general release. Due to the defendant's execution of this release, when the plaintiff completed the repairs on the truck, the defendant's insurer refused to pay the bill. The plaintiff therefore retained the vehicle and asserted a mechanic's lien pursuant to OCGA § 40-3-54 (a) (formerly Code Ann. § 68-423a (a)). On September 23, 1982, he filed an affidavit seeking to foreclose the lien pursuant to OCGA § 40-3-54 (c) (formerly Code Ann. § 68-423a (c)).

A prior security interest in the vehicle existed by virtue of an indebtedness which the defendant owed to Transport Acceptance Corporation. Transport Acceptance was duly served with notice of the foreclosure proceedings and was subsequently allowed to intervene for the purpose of protecting its interest in the vehicle. Both the defendant and Transport Acceptance petitioned for a hearing pursuant to OCGA § 40-3-54 (c) (2) (formerly Code Ann. § 68-423a (c) (2)) "to determine if reasonable cause exists to believe that a valid debt exists." The court determined that reasonable cause did exist, and the defendant petitioned for a "full hearing" in

accordance with OCGA § 40-3-54 (c) (4) (formerly Code Ann. § 68-423a (c) (4)).

The court denied the defendant's demand for a jury trial and, after conducting the "full hearing," determined that the plaintiff's lien was valid, though subject in priority to the security interest held by Transport Acceptance. In addition, pursuant to the provisions of OCGA § 40-3-54 (c) (5) (formerly Code Ann. § 68-423a (c) (5)), the court authorized sale of the vehicle to satisfy the lien, subject, of course, to Transport Acceptance's security interest. Finally, the court ordered Transport Acceptance, which held the original certificate of title, to forward the certificate to the Georgia Department of Revenue, Motor Vehicle Division, which in turn, was ordered to record Fisher's mechanic's lien on the certificate and then to return it to Transport Acceptance. The defendant filed this appeal. *Held:*

1. The court was authorized to conclude from the evidence that the plaintiff's repair charges were valid and that the plaintiff was consequently authorized to assert a lien against the vehicle. While it is apparent that the actual contract for the repairs was between the plaintiff and the insurance adjuster rather than the plaintiff and the defendant, there is evidence that the defendant expressly authorized the adjuster to enter into this contract and then knowingly surrendered possession of the vehicle to the plaintiff for the purpose of allowing the repairs to be made. Regardless of whether or not the plaintiff would have been authorized to obtain a personal judgment against the defendant under these circumstances, the defendant is in no position to dispute the validity of the indebtedness on which the lien is predicated.

2. While the trial court was authorized to enforce the lien, we find no authority for that portion of its order requiring the Motor Vehicle Division to record the mechanic's lien on the certificate of title. The only relief contemplated by the statute is to "authorize foreclosure upon and sale of the vehicle subject to the lien to satisfy the debt if the debt is not otherwise immediately paid . . ." OCGA § 40-3-54 (c) (5) (Code Ann. § 68-423a). Since under OCGA § 40-3-54 (a) (Code Ann. § 68-423a) the mechanic's lien is subject to "such other liens and security interest of which the mechanic had actual or constructive notice before the work was done or material furnished," the purchaser at the foreclosure sale would take the vehicle subject to such prior liens as had been duly recorded on the certificate of title. Because the statute thus provides for immediate enforcement of the mechanic's lien as part of the foreclosure proceedings, nothing is to be gained by ordering the Motor Vehicle Division to record it on the certificate of title. The Motor Vehicle Division could not, in any

event, be compelled to comply with such an order in this case, since it was not a party to the action. Accordingly, that portion of the trial court's order requiring the recordation of the lien on the certificate of title is vacated.

3. The trial court did not err in denying the defendant's demand for jury trial. The evident purpose of the foreclosure statute is to insure a prompt resolution of disputes regarding the validity of mechanic liens as well as to provide for prompt enforcement of those liens which are determined to be valid. Subsection (c) (5) of the statute clearly contemplates that the determination of the validity of the debt will be made by the court, and no provision is made for the intervention of a jury, nor is a right to trial by jury in such proceedings mandated by the Georgia Constitution. See generally *Williams v. Overstreet,* 230 Ga. 112, (195 SE2d 906) (1973).

4. Even assuming *arguendo* that the evidence showing the defendant was paid $23,000 by the other driver's insurance company was irrelevant to the issues being tried, its admission was harmless since no jury was involved. See generally *United Rentals Systems v. Safeco Ins. Co.,* 156 Ga. App. 63 (1) (b) (273 SE2d 868) (1980).

*Judgment affirmed in part and vacated in part. Deen, P. J., and Carley, J., concur.*

DECIDED APRIL 29, 1983.

*Charles G. Price,* for appellant.
*Edwin V. Gartin, C. Stephen Malone,* for appellees.